UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD BAILEY, et al.,<br><br>Plaintiffs<br><br>v.<br><br>FGV FRESNO LP, et al.,<br><br>Defendants | CASE NO. 1:21-CV-1754 AWI SAB<br><br>ORDER SUA SPONTE REMANDING MATTER DUE TO LACK OF JURISDICTION AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT<br><br>(Doc. Nos. 1, 2) |

Defendant Rodney Bernaldo removed this case from the Superior Court of Fresno County on December 10, 2021. See Court's Docket Doc. No. 1. The Complaint contains four state law causes of action relating to a landlord tenant relationship. See id. Defendant asserts that the basis for removal is diversity jurisdiction (28 U.S.C. § 1332), federal question jurisdiction (28 U.S.C. § 1331), and federal civil rights jurisdiction (28 U.S.C. § 1343).

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus, 980 F.2d at 566. "If at any time prior to judgment it appears that the district

1  court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson
2  v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001).  Remand under 28 U.S.C. § 1447(c) "is
3  mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); see
4  California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).  That is, the court
5  "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a
6  party has filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).
7      *Diversity Jurisdiction*
8      Federal courts may exercise "diversity jurisdiction" when the amount in controversy
9  exceeds $75,000 and the parties are "citizens of different States." 28 U.S.C. § 1332(a); Rainero v.
10 Archon Corp., 844 F.3d 832, 839 (9th Cir. 2016); Hunter, 582 F.3d at 1043.  Diversity jurisdiction
11 requires "complete diversity," meaning that the citizenship of each plaintiff is different from the
12 citizenship of each defendant. Weeping Hollow Ave. Trust v. Spencer, 831 F.3d 1110, 1113 (9th
13 Cir. 2016).  A natural person's citizenship is determined by her "domicile," which is the person's
14 "permanent home, where she resides with the intention to remain or to which she intends to
15 return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  A person's State of
16 residence is not necessarily her State of citizenship. See id.; see also Scott v. Cricket Communs.,
17 LLC, 865 F.3d 189, 195 (4th Cir. 2017).  Because domicile, not residence, determines citizenship,
18 allegations of residence are insufficient to establish citizenship or diversity jurisdiction. See Scott,
19 865 F.3d at 195; Rainero, 844 F.3d at 839; Travaglio v. American Express Co., 735 F.3d 1266,
20 1268-69 (10th Cir. 2013); Kanter, 265 F.3d at 857-58.  "The party seeking to invoke the district
21 court's diversity jurisdiction always bears the burden of both pleading and proving diversity
22 jurisdiction." Rainero, 844 F.3d at 840 (quoting NewGen, LLC v. Safe Cit, LLC, 840 F.3d 606,
23 613-14 (9th Cir. 2016)); see Kanter, 265 F.3d at 857-58.  If the "complaint does not demand a
24 dollar amount, the removing defendant bears the burden of proving by a preponderance of
25 evidence that the amount in controversy exceeds $75,000." Kroske v. US Bank Corp., 432 F.3d
26 976, 980 (9th Cir. 2005); see Matheson, 319 F.3d at 1090.
27     Here, the Complaint does not identify any amount of damages that are at issue, and
28 Defendant's notice of removal does not address in any way what the amount in controversy may

be. Additionally, the notice of removal states that the Plaintiffs are not residents of California. However, there is no further elaboration about where Plaintiffs reside or how Defendant is aware of the Plaintiffs' residence. Defendant's representation also is contrary to express allegations in the Complaint that Plaintiffs are current tenants of a property located in Fresno, California. More importantly, however, allegations of residence do not suffice to demonstrate domicile. See Scott, 865 F.3d at 195; Rainero, 844 F.3d at 839; Travaglio, 735 F.3d at 1268-69; Kanter, 265 F.3d at 857-58. Merely alleging that Plaintiffs are not residents of California does not show citizenship. In sum, the notice of removal does not sufficiently identify either the amount in controversy or the citizenship of the Plaintiffs.

*Federal Question Jurisdiction*

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000); see Dynegy, 375 F.3d at 838; Duncan, 76 F.3d at 1485. Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." California, 215 F.3d at 1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002); see also Vaden v. Discover Bank, 129 S. Ct. 1262, 1278 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Here, there are no federal causes of action alleged. This case only involves four state law causes of action by tenants against landlords. To the extent that the Defendants may be considering raising federal defenses to those state law claims, that is insufficient to support federal question jurisdiction. Vaden, 129 S.Ct. at 1278.

*Civil Rights Jurisdiction*

28 U.S.C. § 1343 is the jurisdictional provision of the Civil Rights Act. Gritchen v. Collier, 254 F.3d 807, 811 (9th Cir. 2001). However, there are no civil rights claims or federal claims alleged in the complaint. "Simply raising a constitutional argument in defense of an action that is brought in state court does not open the federal forum." Id. at 812. Because there are no civil rights or federal causes of action in the Complaint, § 1343 does not serve as a basis for federal jurisdiction in this case.

*Conclusion*

The notice of removal fails to adequately identify either the amount in controversy or citizenship requirements for diversity jurisdiction, and the complaint does not involve civil rights or federal causes of action. The Court has grave doubts that diversity jurisdiction, civil rights jurisdiction, or federal question jurisdiction exists. Because the Court has significant doubts, and because Defendant's notice of removal fails to adequately demonstrate any federal jurisdiction, the Court resolves all doubt against the existence of jurisdiction. See Geographic Expeditions, 599 F.3d at 1107. Therefore, remand to the Fresno County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c); Geographic Expeditions, 599 F.3d at 1107; Bruns, 122 F.3d at 1257; Page, 45 F.3d at 133. Further, with the remand of this matter, Defendant's pending in forma pauperis motion will be denied as moot.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Per 28 U.S.C. § 1447(c), due to this Court's lack of subject matter jurisdiction, this case is REMANDED forthwith to the Superior Court of Fresno County; and

2. Defendant's motion to proceed in forma pauperis (Doc. No. 2) is DENIED as moot.

IT IS SO ORDERED.

Dated:   January 4, 2022                             _____
                                                     SENIOR DISTRICT JUDGE